UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

      Plaintiff,

   -against-

DAVID P. TURCHI, ESQ.,

      Defendant.

22-CV-1384 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at Bellevue Hospital Prison Ward, brings this action *pro se*. Plaintiff sues his former criminal defense attorney, asserting claims under 42 U.S.C. § 1983. By order dated March 2, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## BACKGROUND

Plaintiff alleges the following facts. Between March and August 2021, in order "to encourage continual support" from his criminal defense attorney, David Turchi, Plaintiff sent him "a continuous stream [of] financially empowering information and advice," including "an elite wealth creation technology called: Automated Day Trading Software." (ECF 2 at 3, ¶ 7.)

In October 2021, Plaintiff's criminal proceedings were reassigned to Justice Laura Ward, who then ordered that Plaintiff be examined under New York's Criminal Procedure Law § 730. (*Id.* at 2, ¶ 3.) Justice Ward further indicated that Turchi could "file any pretrial motions necessary to resolve the case." (*Id.* at ¶ 4.)[2] Plaintiff had discussed with Turchi the possibility of filing "an expedited writ of *habeas corpus* . . . or [applications] to dismiss or reduce charges, reduce bail or request . . . release on recognizance." (*Id.*) Turchi requested a six-week adjournment, to December 21, 2021, but ultimately filed no applications. Plaintiff objected to his attorney's representation, and on December 21, 2021, he was assigned new defense counsel.

Plaintiff alleges that Turchi "maliciously mailed a CD of medical/psychiatric records" to "Rikers Island's Correctional Officers, allegedly for re-mailing to the plaintiff at Bellevue." (*Id.* at 3, ¶ 6.)

Plaintiff brings suit against his former attorney under section 1983, asserting that Defendant Turchi violated "attorney/client privilege and confidential information exchange," and that he committed violations of the Code of Professional conduct.[3] (*Id.* at 4.) Plaintiff seeks damages and asks that a "competent attorney" be assigned "to litigate this case for a timely

---

[2] Plaintiff also brought an action against Justice Ward, of the Supreme Court of the State of New York, New York County. *See Nieves v. Ward*, No. 22-CV-1382 (LTS) (S.D.N.Y.).

[3] Plaintiff brought a prior action in this Court against the same attorney but voluntarily withdrew it, and the matter was dismissed without prejudice. *See Nieves v. Turchi*, ECF 1:21-CV-7119, 4 (S.D.N.Y. Sept. 8, 2021).

dismissal against recorded evidence of the defendant's defraudment of taxpayers (embezzlement), racketeering, slavery and conspiracy." (*Id.*)

## DISCUSSION

To state a claim under section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because section 1983 governs the conduct of state actors, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), providing legal representation in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish state action, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of section 1983). Defendant Turchi is a private party, and his representation of Plaintiff does not render him a state actor. The allegations of the complaint also do not suggest any special circumstances. Plaintiff therefore fails to state a claim against Defendant Turchi under section 1983.

Plaintiff's complaint could be liberally construed as also asserting state law claims. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. §1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 2, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge